No. A-CV-02-83

COURT OF APPEALS OF THE NAVAJO NATION

April 26, 1983

Anderson SKEET, Appellant,

vs.

Belinda SKEET, Appellee.

James J. Mason, Esq., Gallup, New Mexico, for Appellant. Donna C. Chavez, Esq., Window Rock, Navajo Nation (Arizona) for Appellee.

Due to the failure of the appellant to raise a matter which was not raised in the trial court, there is no probable cause for an appeal and the appeal will be dismissed.

The District Court of McKinley County, New Mexico granted a divorce decree to the parties and accepted their stipulation that the appellant husband would pay the appellee wife $1,500 per year. The stipulation indicated that the amount of support was based on "petitioner's present ability to pay." The decree was rendered in 1981 and it is alleged the appellant failed to make payments for the years 1981 and 1982.

On January 21, 1983 a default judgment for arrearages in favor of the appellee was entered by the court, based upon an acceptance of the New Mexico decree. Thereafter an appeal was filed and a motion for reconsideration was filed with the district court the same day.

The motion for reconsideration recites the "ability to pay" provision of the decree and urges the adoption of the legal doctrine of retroactive modification of a decree in order to eliminate an arrearage. The problem with the motion was, and is, that the trial court was given no sound reason for reopening the default. The trial court was presented with no excuse as to why a default should be excused, and this court is given no reason to excuse it. The question of retroactive modification should be decided by this court, but that will be done in another case - one properly before us.

With regard to the motion for an expedited appeal, counsel is commended for giving an example of a motion well-made, with a supporting affidavit. However, counsel is advised that matters in the affidavit which do not go to the immediate need for a hearing and which are inflammatory and calculated to place a party in a bad light are not approved. This is, statements of an injury inflicted on a party by another which are not a part of the issues in the case or a foundation for a motion can only be taken to sway the court in favor of the injured party out of sympathy. Such matters cannot be allowed.

The appeal in this case is hereby DISMISSED.